ISABELLE G. GWATHMEY, Plaintiff, *v.* ARCHIBALD B. GWATHMEY, Defendant.*

Supreme Court, New York Special Term, March 14, 1925.

**Husband and wife — divorce — application for reargument of motion for injunction pendente lite to restrain defendant from setting up foreign divorce as defense to separation action — restraining order would not result in adjudication of issue in separation action — application denied.**

An application for the reargument of a motion for an injunction *pendente lite* restraining the defendant from setting up a foreign divorce as a defense to plaintiff's separation action, pending an action by plaintiff to have the foreign decree declared void and to restrain defendant from enforcing it, should be denied, where the restraining order, granted on plaintiff's affidavits, would neither result in an adjudication nor bar the trial of the issue in the action to

---

* See, also, 116 Misc. 85.

have the foreign decree declared void, and where the only purpose of the order would be to prevent the defendant from employing the divorce as a defense to the separation action.

APPLICATION for reargument of motion for injunction *pendente lite* restraining defendant from setting up Texas divorce as defense to separation action; pending action by plaintiff to have such divorce declared void.

*Blandy, Mooney & Shipman* [*Edmund L. Mooney* of counsel], for the plaintiff.

*Jerome & Rand* [*William Travers Jerome* of counsel], for the defendant.

TIERNEY, J.:

The plaintiff has brought this action to have a judgment of divorce obtained against her in a court in Texas adjudged void in this State and the defendant enjoined from acting under, enforcing or claiming it as valid. Her right to maintain such an action has recently been decided by the Appellate Division on an appeal from an order sustaining her complaint as stating facts sufficient to constitute a cause of action. 212 App. Div. 871. The plaintiff has brought another action for separation on the ground of abandonment. In that action the defendant has set up the Texas divorce as a defense. On plaintiff's application the issues raised by this defense have been awarded a separate trial and now are on the day calendar of one of the parts awaiting a present trial. The plaintiff's motion for an injunction *pendente lite* was denied last June. Plaintiff now applies for a reargument of that motion.

Actually the motion is for leave to renew the motion on the ground that matters have transpired since the motion was denied warranting the granting of the motion, such as the service of an amended and a supplemental complaint and the proceedings establishing her right to maintain the action under the amended and supplemental complaints. The question of the validity of the Texas divorce must eventually be determined by a trial, whether in this action or in the separation action. Both present the same issue. A temporary injunction granted on affidavits would not be an adjudication or prevent the trial of the facts in this action. I do not think that it should be used to prevent an earlier trial of the question in the separation action. If the defendant were bringing an action based on the Texas judgment, the plaintiff would present grounds for an examination of the merits of her claim to prevent harassment. But it is the plaintiff who is prosecuting the separation action. In bringing that to trial she has elected to have the issue tried in the separation action. She can make the same attack on the validity of the Texas judgment on the trial of that action as she does on this motion, but

there the question can be tried instead of being decided on affidavits. It would be an anomaly to allow a plaintiff to bring an action to trial, and in another action, by motion, enjoin the defendant from proving or trying a defense. It would be like a plaintiff who had secured a stay of proceedings against a defendant insisting on a trial, but objecting to the defense being heard because the defendant was under a stay. If the plaintiff wishes to try this question in the present action in preference to the separation action, she must postpone that trial until this case has been tried. If she elects to bring the separation action to trial, I certainly am unwilling to grant any injunction preventing the defendant from trying any defense in that action.

The plaintiff does not show that there is any action threatened by the defendant of making any employment of the Texas judgment, other than using it as a defense in the separation action. In the absence of such proof there is no need or occasion for the court to anticipate the event of the action and grant any temporary injunction. Courts are reluctant to decide the ultimate rights of parties on preliminary applications and do not interfere without some real necessity. None has been shown in this case.

The motion for a reargument is denied.